```
                                                    FILED
                                                 MISSOULA, MT

                                                2006 MAY 12 AM 8 06

                                                  PATRICK E. DUFFY
                                                BY _____
                                                       DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE CO., and TRANSPORTATION INSURANCE CO., | ) ) ) | CV-05-31-H-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| ST. PAUL MERCURY INSURANCE CO., | ) ) | |
| Defendant, Counter-claimant, and Third Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| ALPINE CONSTRUCTION, INC., | ) ) | |
| Third-Party Defendant. | ) ) | |

On April 13, 2006, United States Magistrate Judge Carolyn S. Ostby filed Findings and Recommendation (dkt #23) in this matter addressing Third-Party Defendant Alpine Construction's motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Alpine timely objected to the Findings and Recommendation on April 13, 2006 and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1) (2000).



## I. Background

Transcontinental Insurance Company (Transcontinental) and Transportation Insurance Company (Transportation) filed a declaratory judgment action against St. Paul Mercury Insurance Company (St. Paul) seeking a declaration of rights and obligations following the settlement of an underlying personal injury action. St. Paul has since counterclaimed and filed a third-party complaint against Alpine Construction, Inc. (Alpine).

The seminal events involved a construction project on Interstate 15 and a subsequent automobile accident. In 1998 the State of Montana (the State) granted Blahnik Construction Inc. (Blahnik) a contract on a stretch of highway near Valier. Blahnik contracted with Alpine whereby Alpine was a subcontractor responsible for safety signage and traffic control. This subcontract allegedly contains an applicable indemnity provision.

On May 23, 1999, Wendy Andelin (Andelin) lost control of her vehicle in the vicinity of the construction zone and rolled her vehicle. Andelin's passenger, Eric Brostuen (Brostuen), suffered severe injuries. His guardian settled with Andelin and then brought suit against Alpine, Blahnik, and the State in Montana's First Judicial District Court.

Transcontinental insured Alpine via a commercial general liability (CGL) policy for $1,000,000 and Transportation insured Alpine under a commercial umbrella policy with a $3,000,000 limit. These policies provided blanket additional endorsements including provisions that the coverage was excess over other

-2-

applicable insurance to additional insureds.

St. Paul covered Blahnik under a commercial general liability policy as well as with an umbrella excess liability protection policy with a $9,000,000 limit.

Following the accident, Brostuen settled with Alpine, Blahnik, and the State for $3,500,000. Transcontinental covered $1,000,000 and Transportation contributed $1,000,0000 (each reserved the right to seek indemnity or contribution from other insurers) while St. Paul contributed $1,750,000 with a reservation of the right to seek indemnity. The settlement occurred on March 18, 2005 and on June 15, 2005 the Plaintiffs initiated this action.

In this action, Transcontinental seeks the Court's declaration that coverage under the CGL policy for additional insureds Blahnik and the State is limited to liability relating to Alpine's operations and the additional insureds' supervision thereof. Transportation seeks a declaration there is no insurance coverage provided to Blahnik or the State for this loss under Transportation's umbrella policy. Both plaintiffs seek a declaration that under the contract between Alpine and Blahnik, Alpine does not have to indemnify Blahnik for Blahnik's own negligence. And Transportation claims entitlement to indemnity from St. Paul for the amount of $750,000.

St. Paul filed its answer, counterclaim, and third party complaint on September 2, 2005. St. Paul is Blahnik's assignee for all claims relating to Transcontinental, Transportation, and

Alpine. St. Paul claims, *inter alia*, the subcontract between Blahnik and Alpine requires Alpine to indemnify and hold harmless Blahnik and the State for all claims relating to the performance of the subcontract, regardless of Blahnik's negligence. St. Paul also claims the subcontract required Alpine to procure and maintain CGL insurance. St. Paul alleges that Brostuen's complaint triggered Alpine's duty to defend and indemnify Blahnik and the State under the subcontract, but that Alpine breached these obligations resulting in claims of breach of contract, equitable subrogation, and declaratory relief. St. Paul seeks indemnity from Alpine for settlement proceeds contributed by St. Paul on behalf of Blahnik and the State in the underlying lawsuit.

Alpine since filed its motion to dismiss St. Paul's third party complaint for failure to state a claim upon which relief may be granted.

## II. Analysis

### A. The Standard of Review for a Motion to Dismiss.

Under Rule 12(b)(6) a complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must accept all allegations of material fact as true, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), and construe the

pleading in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576. "A complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff relies on a different legal theory." *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985).

Nonetheless, dismissal can still be granted if there is a lack of a cognizable legal theory or if there is an absence of facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Additionally, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286, (1986)).

**B.   Pertinent Law and Analysis.**

Alpine advances two reasons that preclude St. Paul's third party claims. As Judge Ostby found, these arguments do not satisfy the burden of a Rule 12(b)(6) motion to dismiss.

First, Alpine mistakenly argues that since it settled the underlying lawsuit with Brostuen, Montana law precludes St. Paul from pursuing indemnity or contribution against Alpine. Alpine cites a string of Montana cases to support this theory, but they are factually inapposite where they do not involve joint tortfeasors bound by a subcontract with an indemnity provision. *See Cusenbary v. Mortensen*, 1999 MT 21, 296 Mont. 25, 987 P.2d

351; *Durden v. Hydro Flame Corp.*, 1999 MT 186, 295 Mont. 318, 983 P.2d 943; *Holmberg v. Strong*, 272 Mont. 101, 899 P.2d 1097 (1995); *Sprinkle v. Burlington Northern Railroad Co.*, 236 Mont. 383, 769 P.2d 1261 (1989); *State ex rel. Deere & Co. v. District Court*, 224 Mont. 384, 730 P.2d 396 (1986). St. Paul counters that its claim is not based on joint tortfeasor indemnity but upon the breach of the subcontract with Blahnik, which includes the indemnity provision.

Regardless of St. Paul's point, Alpine's motion fails because its basis in case law is unpersuasive. As Alpine suggests, these cases do stand for the general tenet that one defendant cannot seek contribution or indemnity from a co-defendant who has settled with the plaintiff. However as Judge Ostby noted, Alpine cannot "seamlessly" apply this point of case law to the facts at hand where there arguably was an applicable indemnity provision within the subcontract. Consequently, this issue cannot be resolved via a Rule 12(b)(6) motion.

Alpine's second point addresses St. Paul's payments to cover possible negligence by Blahnik. Alpine argues that even if there is an obligation to cover based on an indemnity provision, it is obviated to the extent of any negligence on Blahnik's part. St. Paul, however, counters that the point of its claim is to have the Court determine the bounds of the obligations of the subcontract—something which should not be dismissed via a Rule 12(b)(6) motion.

Moreover, the Montana Supreme Court has repeatedly held that

-6-

parties are bound to the terms of their indemnity contracts, even where the party seeking indemnity was negligent. *Amazi v. Atlantic Richfield Co.*, 249 Mont. 355, 358-60, 816 P.2d 431, 434 (1991).[1] As Judge Ostby cited, the Supreme Court has "long recognized the legality of indemnity clauses" and supported their "liberal" construal. *Slater v. Central Plumbing & Heating Co.*, 1999 MT 257, ¶ 30, 297 Mont. 7, ¶ 30, 993 P.2d 654, ¶ 30. These points highlight a policy of supporting indemnity provisions in Montana. Thus, Alpine's argument does not merit success under a Rule 12(b)(6) motion because St. Paul's complaint does state a claim upon which relief can be granted.[2]

### III.  Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Judge Ostby's Findings and Recommendation (dkt #23) are adopted in full, and Alpine's motion to dismiss (dkt # 16) is DENIED.

DATED this 11 day of May, 2006.

Donald W. Molloy, Chief Judge
United States District Court

---

[1] In *Amazi* there was a specific provision that allowed for the indemnity coverage despite concurrent negligence by the indemnitee. *Id.* There may not have been such a provision in this case, but the issue before the Court is Alpine's Rule 12(b)(6) motion.

[2] Alpine's points of objection are appropriately noted; however, they do not persuade the Court that St. Paul has failed to allege claims upon which relief can be granted. Alpine's points may have merit but not via this pre-trial instrument.