IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY and TRANSPORTATION INSURANCE COMPANY,<br><br>       Plaintiffs,<br><br> vs.<br><br>ST. PAUL MERCURY INSURANCE COMPANY,<br><br>       Defendant, Counter Claim Plaintiff and Third Party Plaintiff,<br><br> vs.<br><br>TRANSCONTINENTAL INSURANCE COMPANY and TRANSPORTATION INSURANCE COMPANY,<br><br>       Counter Claim Defendants,<br><br> vs.<br><br>ALPINE CONSTRUCTION, INC.,<br><br>       Third Party Defendant. | CV-05-31-H-DWM-cso<br><br><br><br>**ORDER ON PENDING MOTIONS** |

Pending before the Court are the following motions:

(1)  Third Party Defendant Alpine Construction, Inc. ("Alpine") Motion for Certification to the Montana Supreme Court (*Court's Doc. No. 36*);

(2)  Alpine's Motion to Bifurcate (*Court's Doc. No. 38*);

-1-

  (3) St. Paul Mercury Insurance Company's("St. Paul") Motion for Leave to Appear Requesting Alpine to file Answer (*Court's Doc. No. 50*); and

  (4) Transcontinental Insurance Company ("Transcontinental"), and Transportation Insurance Company ("Transportation") Motion for Extension of Time to File (*Court's Doc. No. 58*).

By Order filed on August 24, 2005 (*Court's Doc. No. 7*), Chief United States District Court Judge Donald W. Molloy referred this case to the undersigned Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1), including submissions of proposed findings of fact and recommendations.[1]

  Having reviewed the motions and the parties' briefs in support of their respective positions, the Court is prepared to rule.[2]

## I. MOTION FOR CERTIFICATION TO THE MONTANA SUPREME COURT

  Alpine asks the Court to certify the following question to the Montana Supreme Court:

> Can a settling prime contractor joint tortfeasor seek indemnity from another settling subcontractor joint tortfeasor under a contractual provision for indemnity?

*Alpine's Mot. to Cert. to Mont. Supreme Court* (hereafter "*Alpine's Mot. to Cert.*") at 2.  Alpine seeks certification

---

[1] Findings and Recommendations are not necessary in this case, as neither motion is dispositive, nor are these motions provided for in 28 U.S.C. § 636(b)(1).

[2] This matter's background is thoroughly detailed in the record, and is well-known to the parties and to the Court.  Thus, it will not be repeated here.

because "[t]here are no constitutional provisions or statutes directed at the question presented." *Alpine's Brief in Support of Mot. to Cert. to Mont. Supreme Court* (hereafter "*Alpine's Brief to Cert.*") at 5. Alpine relies on Chief Judge Molloy's May 11, 2006, Order, accepting the undersigned's findings and recommendations. Alpine argues that the Court has recognized that appellate decisions dealing with indemnity claims among joint tortfeasors do not provide a framework within which to decide the question presented. It contends that because there are no controlling decisions, certification is appropriate. Id.

The Montana Supreme Court may accept a certified question whenever "the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state." *Mont. R. App. Proc. 44(c)*.

The Court concludes that Alpine's proposed question is unclear in this context and does not address fully the legal and factual issues presented here. In the underlying Brostuen case, defendants Alpine, Blahnik Construction, and the State of Montana, together with their respective insurers, Transcontinental, Transportation, and St. Paul, entered into a settlement agreement with the Brostuen plaintiffs, wherein they reserved claims for unresolved issues regarding contribution and indemnity. The Settlement Agreement and Release provides:

-3-

> The Defendants expressly do not release any claims
> they may have between or on behalf of Blahnik
> Construction, Inc., State of Montana, Alpine
> Construction, Inc., St. Paul Mercury Insurance
> Company, Transportation Insurance Company, and
> Transcontinental Insurance Company.  Any such
> claims including but not limited to indemnity,
> contribution, contract or extra-contractual claims
> are and have been specifically reserved.  This
> release is without prejudice to the rights on of
> *(sic)* the insurers, St. Paul Mercury Insurance
> Company and Transcontinental Insurance Company, to
> seek indemnity or contribution from the other for
> its contribution to the settlement.  Each insurer
> expressly does not release its right to seek
> indemnity or contribution from the other insurers
> for its contribution to the settlement.

See *St. Paul's Response to Mot. to Dismiss* (*Court's Doc. No. 20*) at Ex. B, pg. 2, ¶ 1.3.  This Settlement Agreement, signed by the President of Alpine on June 7, 2005, thus clearly reserved the claims asserted by St. Paul against Alpine in the present litigation.  See Lockhead v. Weinstein, 2003 MT 360, ¶ 12, 319 Mont. 62, ¶ 12, 81 P.3d 1284, ¶ 12 (holding that a party to a settlement agreement is bound if it has manifested assent to the agreement's terms and has not manifested an intent not to be bound by that assent) (citing Hetherington v. Ford Motor Co., 257 Mont. 295, 399, 849 P.2d 1039, 1042 (1993)).

St. Paul notes[3] that to accept Alpine's question would effectively "frustrate settlements and force complex, multi-defendant cases . . . into complicated, lengthy, and expensive

---

[3] Plaintiffs Transcontinental and Transportation do not oppose Alpine's motion to certify.  See *Court's Doc. No. 47*.

-4-

trials." *St. Paul's Response to Mot. to Cert.* at 3. To certify the question as proposed would be contrary to the Montana Supreme Court's recognition of a public policy favoring settlements. See, e.g., Durden v. Hydro Flame Corp., 295, Mont. 318, 328, 983 P.2d. 943 (1999).

In their written settlement, the parties clearly agreed that "any" indemnity and contribution claims they may have were "specifically reserved" and not released. Yet Alpine argues that by entering into this settlement, Blahnik and St. Paul lost indemnity or contribution rights. In its proposed question, Alpine would have this Court, and the Montana Supreme Court, ignore the terms of the settlement agreement it entered. This the courts may not do. Thus, certification of Alpine's question is not appropriate.

## II.   **MOTION TO BIFURCATE**

Alpine has also moved to bifurcate the third party claims against it under Fed. R. Civ. P. 42(b). Alpine contends that bifurcation would avoid prejudice and is conducive to expedition and economy. *Alpine's Brief in Support of Mot. to Bifurcate* (hereafter "*Alpine's Brief to Bifurcate*") at 7-9. Alpine further argues that bifurcation does not unfairly prejudice St. Paul. Id. at 9-10. Finally, Alpine asserts that bifurcation will not violate the Seventh Amendment. Id. at 10.

In response,[4] St. Paul argues that bifurcation is inappropriate and would be extremely prejudicial to St. Paul. *St. Paul's Response Brief to Alpine's Mot. to Bifurcate* (hereafter "*St. Paul's Response*") at 2.  St. Paul contends that bifurcation "is inappropriate as it does not foster an expeditious resolution to the pending litigation." Id. at 7-14.  Further, St. Paul asserts that bifurcation of this case would not promote judicial economy.  Id. at 14-15.  Finally, St. Paul argues that it will be prejudiced if the Court bifurcates this case.  Id. at 15-16.

Rule 42(b), provides:

> (b) Separate Trials.  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision whether to bifurcate a trial lies within the trial court's sound discretion.  See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004); Jinro America Inc. v. Secure Investment, Inc., 266 F.3d 993, 998 (9th Cir. 2001).  A court may elect "to bifurcate a trial to permit deferral of

---

[4] Plaintiffs Transcontinental and Transportation do not oppose Alpine's motion to bifurcate.  See *Court's Doc. No. 46*.

costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues. Jinro, 26 F.3d at 998 (citations omitted). The burden is on the moving party to demonstrate that bifurcation is warranted. Burton v. Mountain West Farm Bureau Mut. Ins. Co., 214 F.R.D. 598, 612 (D. Mont. 2003).

Rule 42(b) "is intended to further the parties' convenience, avoid delay and prejudice, and serve the ends of justice." See Wright & Miller, *Fed. Prac. & Proc.*, 9 Civil 2d § 2388. In ruling on a motion to bifurcate, the factors a court should consider include: "avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." Bates v. U.P.S., 2004 F.R.D. 440, 448 (N.D. Cal. 2001) (citing William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, *Fed. Civil Proc. Before Trial*, 16:160.4). Rather than the parties' wishes, the interest of efficient judicial administration controls. See Wright & Miller, § 2388. "Bifurcation is the exception; not the rule." L-3 Commun. Corp. v. OSI Sys., Inc., 418 F.Supp.2d 380, 382 (S.D. N.Y. 2005) (citations omitted).

### A.  PREJUDICE

Alpine argues that bifurcation will prevent prejudice to itself. *Alpine's Brief to Bifurcate* at 7-8. It contends that if it "is forced to defend itself, it will be forced to expend its

limited resources in defending a breach of contract case that may never materialize." Id. at 8.  Alpine further argues that bifurcation of this matter will also not unfairly prejudice St. Paul.  Id. at 9-10.  It argues that St. Paul "may suffer slight inconvenience" if the case is bifurcated, but "that prejudice is not unfair and does not outweigh the prejudice Alpine would suffer if the matter was not bifurcated."  Id.

St. Paul responds that bifurcation will severely prejudice it "by increasing its litigation costs and by drastically increasing the time in which St. Paul can achieve a full and final resolution of its claims."  *St. Paul's Response* at 15.

The risk of prejudice to Alpine does not outweigh the delay, expense, and inconvenience that would result to St. Paul and the Court from bifurcation.  Bifurcation would require the Court, parties, attorneys, and many witnesses to go through two trials, thereby delaying a final judgment.  See Burton, 214 F.R.D. at 612.  Accordingly, this factor weights against bifurcation.

**B.   SEPARABILITY OF ISSUES**

Alpine argues that the claims against the parties are based on different legal theories and involve different questions of law.  *Alpine's Reply* at 6.  Accordingly, Alpine contends that bifurcation is appropriate.

Contrary to Alpine's argument, the Court concludes that the issues presented are quite intertwined.  It appears that the

underlying fact issues and the witnesses involved are nearly identical.  For example, Transcontinental and Transportation's claims against St. Paul, and St. Paul's counterclaims, involve the facts of the underlying accident, the language of the Blahnik/Alpine subcontract.  The same underlying facts give rise to the Third Party Complaint.  See *Third Party Compl.* (*Court's Doc. No. 8*) at 6-7.  Accordingly, this factor weighs against bifurcation.  See Bloxham v. Mountain West Farm Bureau Mut. Ins. Co., 43 F.Supp.2d 1121, 1130 (D. Mont. 1999) (holding that where claims to be bifurcated are extremely intertwined factually, bifurcation is inappropriate).

### C. CONVENIENCE

Bifurcation of this case would not substantially further convenience.  For example, bifurcation would require at least some witnesses to testify more than once.  This factor weighs against bifurcation.

### D. JUDICIAL ECONOMY

In arguing for bifurcation, Alpine contends that "[i]f this Court finds in St. Paul's favor on the declaratory action, then the third-party claim against Alpine becomes moot as St. Paul would be fully compensated for its alleged damages."  *Alpine's Brief to Bifurcate* at 8; *Alpine's Reply* at 5.  Thus, Alpine contends this would eliminate the need for a second trial and save the Court and parties the time and resources of litigating

the breach of contract issues.  Id.

At this early stage of the litigation, the Court must conclude that it is equally possible that, if the case were bifurcated, the Court and litigants would have to attend two trials, complete with redundant stages (including opening statements, testimony from witnesses who may have already testified, introduction of other similar evidence, closing arguments).  This would not save time and resources.  Accordingly, this factor weighs against bifurcation.

### E.   RISK OF CONFUSION

In this case, bifurcation would not simplify the issues for a jury or reduce the danger of unnecessary jury confusion because no request has been made for a jury trial.  There is no need to carefully draft jury instructions or a verdict form to ensure that the jury understands the parties' claims.  Accordingly, there is no risk of jury confusion.  Therefore, this factor also weighs against bifurcation.

Based on the foregoing, the Court concludes that Alpine has not satisfied its burden of proving that bifurcation is appropriate.  Therefore, Alpine's motion will be denied.

### III.   MOTION FOR LEAVE TO APPEAR REQUESTING ALPINE TO ANSWER

St. Paul filed this motion on September 28, 2006.  Alpine filed its answer on October 11, 2006.  Accordingly, the motion is now moot.

**IV.   MOTION FOR EXTENSION OF TIME TO FILE**

On November 29, 2006, Transcontinental and Transportation filed a motion for extension of time to file expert disclosures. See *Court's Doc. No. 58*. Under the limited terms of the referral to the undersigned, any requests for continuance of dates set in the scheduling order must be made to and approved by Chief Judge Molloy. Accordingly, Judge Molloy's chambers has been advised of the pendency of this motion.

**V.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Alpine's Motion for Certification to the Montana Supreme Court (*Court's Doc. No. 36*) is **DENIED.**

(2) Alpine's Motion to Bifurcate (*Court's Doc. No. 38*) is **DENIED.**

(3) St. Paul's Motion for Leave to Appear Requesting Alpine to Answer *(Court's Doc. No. 50)* is **DENIED** as moot.

DONE and DATED this 1st day of December, 2006.

                                        **/S/** Carolyn S. Ostby
                                        Carolyn S. Ostby
                                        United States Magistrate Judge